KATHARINE B. PATTERSON, plaintiff in error, *vs.* CHARLES H. TRUMBULL, defendant in error.

The interest of one partner in the partnership property is not subject to levy and sale, under an attachment. It can only be reached at law by process of garnishment.

Attachment. Partnership property. Before Judge SCHLEY. McIntosh Superior Court. April Term, 1869.

Patterson had an attachment against Trumbull levied upon a mill and the land on which it stood, as the property of Trumbull. Trumbull's counsel moved to dismiss the levy, because the property levied upon belonged to a firm of which Trumbull was a partner. It was admitted that this was true, and the levy was amended so as to stand only upon the interest of said Trumbull in said property. By consent, the plaintiff had judgment, subject to be set aside if the Judge should decide that the interest of a member of a firm could not be levied upon by attachment. Upon argument had, the Judge set aside the judgment and dimissed the levy. That is assigned as error.

JACKSON, LAWTON & BASSINGER, by HENRY JACKSON, for plaintiff in error, compared Irwin's Code, secs. 1909, 3220, 3576, with Cobb's, Digest, 69, 70 ; Act of 1856, page 25 ; 28 Ga. R., 68 ; Act of 1811 ; Cobb's Digest, 510 ; Act of 1810 ; Ib. 395-6 ; R. M. Charlton's R., 77.

FLEMMING & LESTER, for defendants, cited Irwin's Code, sec. 1909 ; Dwarris on Stat., 690, 691, 718, and said garnishment was Patterson's remedy : Irwin's Code, sec. 3221.

BROWN, C. J.

The question presented for our decision by this record is, whether the interest of a partner in the partnership assets is subject to levy and sale by attachment. This depends upon the proper construction of the two following sections of the Code. Section 1909 is in these words : "The interest of a partner in the partnership assets may be reached by a judgment creditor, by process of garnishment served on the firm, and shall not be subject to levy and sale. The lien on such interest shall attach from the date of the judgment against the partner." Section 3209 reads as follows : " In cases of joint contractors and copartners, when any one of them shall render himself liable to an attachment according to law, an attachment may issue against him upon the plaintiff, his agent, or attorney-at-law, complying with the previous provisions of this Code, in relation to the issuing of attachment, and the

Patterson *vs.* Trumbull.

proceedings against such joint contractor or copartner shall be, in all respects, as in other cases of attachment, except that such attachment shall be levied only upon the separate property of such joint contractor or copartner." It is insisted by the plaintiff in error that section 1909 applies to judgment creditors at common law only, and does not embrace attachments; and authorities are produced to show that the interest of a partner was subject to levy and sale prior to the adoption of the Code; and it is admitted that the object of this provision, when applied to judgments at common law, was to prevent the disturbance of the business of the firm by a seizure of the assets under a *fi. fa.* against one of the partners. We think this the true reason; and we are unable to see why it does not apply as well to attachments as to judgments.

But will the language of the statute sustain this construction? When the two sections are construed together, we think they are hardly susceptible of any other construction. The first says the interest of the partner may be reached by a judgment creditor by process of garnishment, and shall not be subject to levy and sale. The last declares that an attachment may issue against one joint contractor or copartner, and that the proceedings against him shall be, in all respects, as in other cases of attachment, except that such attachment shall be levied only upon the *separate* property of such joint contractor or copartner. In case of a common law judgment creditor the remedy by garnishment is the only one given by the statute; and in case of an attachment creditor the remedy by garnishment is clearly given, as garnishment is one form of proceeding under attachment, and the statute says the proceedings.shall be in all respects as in cases of attachment, except that the attachment shall be levied only upon the separate property of the partner. Construe the whole together and we think it means that process of garnishment is the remedy, at law, given to a judgment creditor against the partnership assets, and process of garnishment, as to the partnership property, and a levy upon the separate property of the defendant, are the remedies given to an attachment creditor. Let the judgment affirmed.